IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| BETTY J. LIGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 6:24-cv-03153-MDH |
| MISSOURI DEPARTMENT OF | ) |  |
| SOCIAL SERVICES, et. al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

On November 5, 2024 the Court ordered Plaintiff to file an amended complaint that states with sufficient particularity how her children's exemption to the SNAP work program is essential to the practice of their religion.[1] Plaintiff filed her Amended Complaint ("Complaint") on November 7, 2024. (Doc. 32). United States of America ("USA") on behalf of Defendant United States Department of Agriculture ("USDA") and Defendant Missouri Department of Social Services ("MDSS") have each respectively filed their own motions to Dismiss. (Docs. 35 and 38).

## BACKGROUND

This case arises out of a decision of the MDSS to remove Plaintiff's four adult children from her SNAP benefits for failing to comply with the SNAP work policy. This decision reduced the amount of SNAP benefits that were paid to Plaintiff and her husband, who are still receiving their individual SNAP benefits along with her children. Plaintiff alleges that participation of her four adult children in the SNAP work program is against their sincerely held beliefs under the Holy

---

[1] The real party in interest in the case appear to be Plaintiff's four adult children. Pursuant to Fed. R. Civ. P. 17 an action must be prosecuted in the name of the real party in interest. A court may not dismiss an action for failure to prosecute in the name of the real party until then has been time give to cure the mistake. However, no opportunity to cure will be given as Defendants have shown Plaintiff's Complaint fails to allege a claim that is plausible on its face.

1

Bible New Testament KJV. Specifically, Plaintiff alleges that the work registration and training requirements would cause her children to give up their time to an employer placing them under ownership, and be placed in a position of a servant.

Plaintiff brings this action against the USDA and MDSS claiming that the decision by the MDSS violated her family's First and 14th Amendment Rights under the U.S. Constitution; 42 U.S.C. 1983 Civil Action for Deprivation of Rights; 18 U.S.C. § 242 Deprivation of Rights Under Color of Law; 18 U.S.C. § 1589 Forced Labor; 22 U.S.C. 7102(2) and (5). Plaintiff is seeking equitable relief in the form of an injunction granting work exemptions for her four adult children and reinstatement of her four children to her SNAP benefit case. Plaintiff is also seeking monetary damages of back pay of benefits from October 2023 to present, and punitive damages in the amount of $30 million.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

I.     **First Amendment Free Exercise Clause**

Plaintiff alleges her First and Fourteenth Amendment rights have been violated based on the Free Exercise Clause arguing that her children's participation in the SNAP Program work registration and training programs violate their sincerely held beliefs. Both Defendant USA and MDSS state Plaintiff has failed to state a claim upon which relief can be granted.

For a regulation to satisfy the Free Exercise Clause, even if it has an incidental effect of burdening a sincerely held religious belief, it must be both neutral and generally applicable. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 531, 113 S. Ct. 2217, 2227, 124 L. Ed. 2d 472 (1993). When determining a law's neutrality, courts first look at the plain text of the statute to see if it is discriminatory on its face. *Id*. at 534. If the law is neutral on its face, courts will look to see if the object of a law is to infringe on or restrict practices because of their religious motivation. *Id*. at 533. Any animus toward the religion in the law's text, history, or operation weighs against neutrality. *Locke v. Davey*, 540 U.S. 712, 725, 124 S. Ct. 1307, 1315, 158 L. Ed. 2d 1 (2004). In addition to being neutral, laws burdening religious practice must be generally applicable. The government cannot selectively impose burdens only on a person's conduct that is motivated by religious belief. *Lukumi*, 508 U.S. at 542–43. If the law is neutral and generally applicable courts will review the law under a rational basis test. *Id*. at 531. If not, courts will review the law under strict scrutiny. *Id*. at 546.

Here, Plaintiff alleges that the requirements of the SNAP Program having Plaintiff's children register for work at time of application and recertification; not quit a job of 30 or more hours/week without good cause; not reduce work hours under 30 hours per week without good cause; not refuse to accept a bona fide offer of suitable employment without good cause; and the work and/or training requirement violate their sincerely held beliefs as it would cause them to sin by transgressing the Commandments of God and the teaching of the Lord Jesus Christ. (Doc. 32, page 2).

The Court will first look at the plain text of the statute to see if its discriminatory on its face. 7 U.S.C. § 2015 sets out the eligibility disqualifications for the SNAP Program. Section 2015(d)(1)(A) states:

> No physically and mentally fit individual over the age of 15 and under the age of 60 shall be eligible to participate in the supplemental nutrition assistance program if the individual
>
> (i) Refuses, at the time of application and every 12 months thereafter, to register for employment in a manner prescribed by the Secretary; (ii) refuses without good cause to participate in an employment and training program established under paragraph (4), to the extent required by the State agency; (iii) refuses without good cause to accept an offer of employment, at a site or plant not subject toa  strike or lockout at the time of the refusal … (v) voluntarily and without good cause quit a job; or reduces work effort and, after the reduction, the individual is working less than 30 hours a week[.]

7 U.S.C. § 2015(d)(1)(A)(i)-(v). In review of the work requirements and § 2015 at large, the law is neutral on its face. There is nothing discriminatory located in the plain text of the statute. Next the Court will look to see if the object of the law is to infringe on or restrict practices of their religious motivation.  In 1964 Congress established the federally funded, but state administered, food stamp program to raise levels of nutrition among low-income households. This program, later renamed SNAP, issued certain requirements to be eligible under the program including household and individual requirements. Nothing within the object of the law appears to infringe on or restrict

4

practices because of their religious motivations. Rather, this program is a voluntary opt-in government run program that allows those who meet the requirements to be given assistance. Thus, the SNAP Program work and training requirements are deemed neutral.

A law is generally applicable if it has the same effect on people and uniformly enforced. The government cannot selectively impose burdens only on a person's conduct that is motivated by religious belief. *Lukumi*, 508 U.S. at 542-43. Plaintiff does not cite, and the Court has not found, any indication where the SNAP work and training requirements are not generally applicable.

If a law is neutral and generally applicable courts will apply a rational basis review. *Id* at 531. Courts uphold a valid and neutral law of general applicability if it is rationally related to a legitimate governmental purpose even if there is an incidental effect on religious belief. As stated above SNAP was established to raise levels of nutrition among low-income households. To be eligible for the program both households and individuals had to adhere to certain eligibility requirements. This is a rationally related law to a legitimate government purpose of raising levels of nutrition among low-income households. As such the SNAP program work and training requirements are valid under the Free Exercise Clause of the First Amendment. Plaintiff has failed to allege how the SNAP work and training requirements violate the Free Exercise Clause. Thus, Plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated, Defendant USA and MDSS's Motion to Dismiss Plaintiff's First Amendment Free Exercise Clause Claim are **GRANTED**.

II.     42 U.S.C. § 1983

Plaintiff makes a 42 U.S.C. § 1983 against both Defendant USDA and MDSS. USA argues that 42 U.S.C. § 1983 does not create a cause of action against the United States or its agencies.

Defendant MDSS argues Plaintiff has failed to allege or state with sufficient particularity how the conditioning of SNAP benefits upon work/training program requirements violates a clearly established right. "Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person action under color of state law, but is inapplicable to persons acting under color of federal law." *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Defendant USDA was not responsible for the decision of Defendant MDSS and Plaintiff alleges only conclusory that USDA agreed to the removal. (Doc. 1, page 4). For the reasons stated, USA's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim is **GRANTED**.

As addressed above, Plaintiff has failed to show how Defendant MDSS has violated Plaintiff's First Amendment rights via the Free Exercise Clause. Plaintiff does not allege any other constitutional violations, nor does Plaintiff allege how the SNAP Program policies were enacted with impermissible intent that would discriminate on account of religion. For the reasons stated, Defendant MDSS's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim is **GRANTED**.

### III. Plaintiff's Other Claims

Plaintiff makes claims under 18 U.S.C. § 242, Deprivation of Rights Under Color of Law; 18 U.S.C. § 1589, Forced Labor; 22 U.S.C. § 7102 (2) and (5), defining the terms "coercion" and "involuntary servitude". Both Defendants MDSS and USA argue these claims should be dismissed as they fail to state a claim upon which relief can be granted.

18 U.S.C. § 242, Deprivation of Rights Under Color of Law and 18 U.S.C. § 1589, Forced Labor are criminal statutes. The presence of a criminal statue neither creates nor implies a corresponding private right of action. *United States v. Wadena*, 152 F.3d 831, 845–46 (8th Cir. 1998)). A civil action may not be implied from a criminal statute and therefore 18 U.S.C. §§ 242

6

and 1589 fail to state a claim for relief in a civil action. 22 U.S.C. § 7102(2) and (5) are definitions of the terms "appropriate congressional committee" and "involuntary servitude" as they are used within 22 U.S.C. Chapter 78 – Trafficking Victims Protection Act. Assuming Plaintiff meant to include the definition for "coercion" as defined by 22 U.S.C. § 7102(3) it still fails to raise a cause of action. 22 U.S.C. Chapter 78 does not include a private cause of action that would be applicable to this suit. For the foregoing reasons, both USA and Defendant MDSS's Motion to Dismiss Plaintiff's 18 U.S.C. § 242, 18 U.S.C. § 1589, 22 U.S.C. § 7102(2), and (5) claims are **GRANTED**.

## CONCLUSION

For the reasons set forth herein, USA's Motion to Dismiss and Defendant MDSS's Motion to Dismiss are **GRANTED**. Plaintiff's complaint is hereby dismissed with prejudice.

**IT IS SO ORDERED**.
DATED: December 12, 2024

>	*/s/ Douglas Harpool*
>	**DOUGLAS HARPOOL**
>	**UNITED STATES DISTRICT JUDGE**