IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BETTY J. LIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:24-cv-03153-MDH |
| | ) | |
| MISSOURI DEPARTMENT OF SOCIAL | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's *Pro Se* Rule 59(e) Motion to Alter or Amend Judgment (Doc. 58), Motion to Supplement Rule 59(e) Motion (Doc. 59), Emergency Motion for Preliminary Injunction and Temporary Relief (Doc. 60), and Motion to Compel Clarification, or in the Alternative, for Judicial Notice of Missouri Department of Social Services ("MDSS") Refusal to Answer. (Doc. 61).

On August 14, 2025, this Court denied Plaintiff's *Pro Se* Motion to Reopen Case. (Doc. 57). Plaintiff now brings her motions seeking to have the Court amend its August 14, 2025, to allow the Case to be reopened or in the alternative have the have the Court's December 12, 2024, Order granting Defendants' respective Motions to Dismiss to be without prejudice. Plaintiff also seeks a preliminary injunction directing Defendants United States Department of Agriculture ("USDA") and Defendant MDSS to immediately reinstate the SNAP supplemental food benefits to her four adult children during the pendency of the litigation. Finally, Plaintiff asks this Court to Compel Defendant MDSS to clarify whether it possesses any authority to grant religious accommodations or waivers from the able-bodied adult without dependents work requirement or in the alternative take judicial notice. The Court will take each motion in turn.

1

## I. Motion to Supplement Rule 59(e) Motion

Plaintiff's Motion to Supplement her Rule 59(e) Motion seeks to add an alternative request that, if the Court declines to reopen the case in full, that the Court amend its December 12, 2024, Order granting Defendants' respective Motions to Dismiss. Specifically, Plaintiff asks that the Court amend the December 12, 2024, order to be amended to read "without prejudice" rather than "with prejudice."

The Court will grant Plaintiff's Motion to Supplement. The Court will construe Plaintiff's Motion to Alter or Amend Judgment (Doc. 58) to include an alternative request to change its December 12, 2024, Order to without prejudice. For the reasons stated, Plaintiff's Motion to Supplement Rule 59(e) Motion is **GRANTED**.

## II. Motion to Alter or Amend Judgment

Plaintiff next argues that the Court made four errors in its August 14, 2025, Order that warrant an amendment of the judgment. First, Plaintiff argues that the Court's finding that the Religious Freedom Restoration Act ("RFRA") was never raised is factually and legally incorrect. Second, Plaintiff argues the Court misapplied the First Amendment standard by avoiding RFRA's compelling interest test. Third, Plaintiff argues that the Court's treatment of SNAP policy contradictions was incomplete and lastly Plaintiff argues that the Court's no substantial burden finding ignores the record.

The Eighth Circuit has held, "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Motions under Rule 59(e) may only correct

2

manifest errors or present newly discovered evidence. *Id*. Petitioners may not rely on Rule 59(e) to introduce new evidence or raise new arguments or theories. *Id*.

The Court did not make any errors, and Plaintiff does not provide newly discovered evidence. The Court addressed each of Plaintiff's arguments when she raised them in the first instance in its August 14, 2025, Order. (Doc. 57). While Plaintiff may not agree with the Court's rationale, Federal Rule of Civil Procedure 59(e) does not allow her to continue to try and argue her point after the Court has made a determination on the merits. Additionally, Plaintiff asks in the alternative if the Court declines to reopen the case in full, if it will amend its December 12, 2024, Order to dismiss Plaintiff's Complaint to without prejudice. The Court finds no basis to change either its August 14, 2025, Order or its December 12, 2024 Order. For the reasons stated, Plaintiff's *Pro Se* Rule 59(e) Motion to Alter or Amend Judgment is **DENIED**.

### III. Emergency Motion for Preliminary Injunction and Temporary Relief

Plaintiff next asks the Court for an emergency preliminary injunction directing Defendants USDA and MDSS to immediately reinstate the SNAP supplemental food benefits to her four adult children during the pendency of this litigation. Plaintiff argues that she has a likelihood of success on the merits because of the Court's errors she previously identified in her Motion to Alter or Amend Judgment. Plaintiff further argues that the other factors in an analysis for preliminary injunction weigh in favor of this Court entering the injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688, 128 S. Ct. 2207, 2217, 171 L. Ed. 2d 1 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008) (quoting *Amoco Prod. Co. v. Vill. Of Gambell,*

*AK*, 480 U.S. 531, 542, 107 S. Ct. 1396, 1401, 94 L. Ed. 2d 542 (1987)). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id*. (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311, 102 S. Ct. 1798, 1803, 72 L. Ed. 2d 91 (1982)).

Courts in the Eighth Circuit consider four factors when deciding whether to grant a preliminary injunction: (1) the movant's probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance of movant's harm and the injury an injunction could inflict on other parties; and (4) the public interest. *Heartland Academy Community Church v. Waddle*, 335 F.3d 684 (8th Cir. 2003) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981))*; see also Associated Producers Co. v. City of Independence, Mo.*, 648 F. Supp. 1255 (W.D. Mo. 1986).

The Court finds that Plaintiff has no likelihood of success on the merits and therefore is not entitled to a preliminary injunction. This Court has previously granted Defendants' respective Motions to Dismiss Plaintiff's Complaint for Failure to State a Claim based in part on Plaintiff's failure to allege how the SNAP work and training requirements violate the Free Exercise Clause. Plaintiff appealed to the Eighth Circuit which affirmed the Order dismissing Plaintiff's Complaint. (Doc. 50). Further, the Court has already ruled on Plaintiff's Motion to Reopen the Case (Doc. 57) and has denied Plaintiff's Motion to Alter or Amend the Judgment. Thus, Plaintiff has no likelihood of success on the merits and granting a preliminary injunction would be inappropriate in this case. For the reasons stated, Plaintiff's *Pro Se* Emergency Motion for Preliminary Injunction and Temporary Relief is **DENIED**.

IV. **Motion to Compel Clarification**

Plaintiff asks the Court to compel Defendant MDSS to answer three questions for Plaintiff: (1) whether MDSS has any authority to grant religious accommodation or waiver from the able-bodied adult without dependents work requirement in extraordinary circumstance; (2) whether the MDSS state hearing process could provide any remedy in such circumstances; and (3) whether requiring Plaintiff to go through any future MDSS state hearings would be futile and unable to provide religious accommodations by exemptions to her four adult children, given that hearing officers lack authority to create exemptions not found in the SNAP policy.

Federal Rule of Civil Procedure 37 governs the failure to make disclosures or to cooperate in discovery. Specifically, Federal Rule of Civil Procedure 37 states:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> A motion for an order to a party must be made in the court where the action *is pending*.

Fed. R. Civ. P. 37(a)(1)-(2) (emphasis added).

This Court cannot grant Plaintiff's Motion to Compel based upon the language of Federal Rule of Civil Procedure 37. First, Plaintiff has failed to include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without the Court's action. Second, this case is no longer pending. The case has been closed as of December 12, 2024, the day Plaintiff's Complaint was dismissed. Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1. For the reasons stated, Plaintiff's Motion to Compel is **DENIED**.

Alternatively, Plaintiff asks this Court to take judicial notice if Defendant MDSS refuses to answer. Pursuant to Federal Rule of Evidence 201(b), "A judicially notice fact must be one not

subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may take judicial notice at any stage of the proceeding whether or not the notice is requested by the parties. *See* Fed. R. Evid. 201(c), (f). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009) (quoting *Int'l Star Class yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998).

Here, it is unclear as to why Plaintiff wishes the Court to take judicial notice. The case has been closed since December 12, 2024. The Court has rejected Plaintiff's attempts to reopen the case or amend the judgment as Plaintiff has shown no meritorious basis to do so. Even assuming the Court were to take judicial notice of this action, it would not advance Plaintiff's interest in the current action. Additionally, because the case is closed, Defendant MDSS has no obligation pursuant to this case to respond. For the reasons stated, Plaintiff's *Pro Se* Motion for Judicial Notice is **DENIED**.

## CONCLUSION

This Court issued its ruling on December 12, 2024, granting Defendants respective Motions to Dismiss Plaintiff's Complaint for Failure to State a Claim. (Doc. 40). Plaintiff appealed the Court's Order to the Eighth Circuit where they affirmed the decision of this Court. (Doc. 50). The case was closed for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief could be granted and Plaintiff's attempts to reopen the case have not changed that analysis.

The case is no longer pending and Plaintiff's motions attempting to reopen or keep her claims alive fail to show any merit.

For the reasons stated, Plaintiff's *Pro Se* Motion to Supplement Rule 59(e) Motion is **GRANTED**; Motion to Alter or Amend Judgment is **DENIED**; Emergency Motion for Preliminary Injunction and Temporary Relief is **DENIED**; Motion to Compel Clarification is **DENIED**; and Motion to Take Judicial Notice is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 19, 2025

                                                   */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **United States District Judge**